# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ANTHONY MCKINNEY**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**            No. 05-0345-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is the Government's February 27, 2008 motion to dismiss for lack of subject matter jurisdiction (Doc. 29). As of this date, McKinney has not responded to the motion to dismiss. Based on the following, the Court grants the Government's motion.

On May 16, 2005, David McKinney, an inmate formerly housed at the United States Penitentiary at Marion, Illinois, filed this action under the Federal Tort Claims Act ("FTCA") against various Defendants for the loss of his personal property (Doc. 1). He seeks reimbursement for property that he claims was confiscated, namely one book and five bags of fiberfil stuffing. McKinney alleges that on May 21, 2004, his property was "retained by the institution" after he was sent to the Special Housing Unit. He seeks compensation in the amount of $291.99. On June 15, 2006, the Court substituted the United States of America as the proper Defendant

in this case pursuant to 28 U.S.C. § 2679(b) (Doc. 12). Thereafter, the Government moved to dismiss McKinney's complaint for lack of subject matter jurisdiction. The Court agrees with the Government.

## II. Analysis

The Government argues that the Court lacks subject matter jurisdiction of McKinney's claim because the FTCA excludes claims arising from the detention of property by any other law enforcement officers. In particular, 28 U.S.C. § 2680(c) provides in part:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law officer ...

**28 U.S.C. § 2680(c).**

Just recently, on January 22, 2008, the Supreme Court held that the Bureau of Prison ("BOP") officers are "law enforcement officers" as that term is used in 28 U.S.C. § 2680(c). ***See Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831 (Jan. 22, 2008)**.[1] In ***Ali*,** the Supreme Court affirmed the dismissal of the case for lack of subject matter jurisdiction finding: "Section 2860(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some' law enforcement officers." ***Id.* at 841**. Clearly, the Supreme Court's ruling in ***Ali*** applies to the facts of this case. Thus, the Court dismisses McKinney's claim for lack of subject matter jurisdiction.

---

[1] In ***Ali***, an inmate brought suit under the FTCA claiming that the BOP officers lost his personal property during his transfer to another prison.

### III. Conclusion

Accordingly, the Court **GRANTS** the Government's motion to dismiss for lack of subject matter jurisdiction (Doc. 29). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court **DISMISSES** with prejudice McKinney's cause of action for lack of subject matter jurisdiction. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**