IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID MCKINNEY**,

**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

**Defendant.**                                            No. 05-0345-DRH

**ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

On May 29, 2008, the Court received a letter from McKinney which the Court construed as a motion to reconsider (Doc. 33). Specifically, McKinney argues that the Court erred in dismissing with prejudice his Federal Tort Claim in that the United States Supreme Court's decision is not retroactive. Thereafter, the Court ordered the Government to file a response to McKinney's letter/motion (Doc. 34). The Government filed its response (Doc. 37). Based on the following, the Court **DENIES** the motion to reconsider.

On May 16, 2005, David McKinney, an inmate formerly housed at the United States Penitentiary at Marion, Illinois, filed this action under the Federal Tort Claims Act ("FTCA") against various Defendants for the loss of his personal property (Doc. 1). He seeks reimbursement for property that he claims was confiscated, namely one book and five bags of fiberfil stuffing. McKinney alleges that on May 21,

2004, his property was "retained by the institution" after he was sent to the Special Housing Unit. He seeks compensation in the amount of $291.99. On June 15, 2006, the Court substituted the United States of America as the proper Defendant in this case pursuant to 28 U.S.C. § 2679(b) (Doc. 12).

Thereafter on February 27, 2008, the Government moved to dismiss McKinney's complaint for lack of subject matter jurisdiction (Doc. 29). On April 4, 2008, the Court granted the Government's motion to dismiss for lack of jurisdiction based on the United States Supreme Court's recent decision in ***Ali v. Federal Bureau of Prisons*, -- U.S. --, 128 S.Ct. 831 (2008)** and ordered the Clerk of the Court to enter judgment reflecting the same (Doc. 30).[1] That same day, after the Court entered its Order, McKinney filed his response in opposition (Doc. 31). On April 8, 2008, the Clerk of the Court entered Judgment in this case pursuant to the Court's April 4, 2008 Order (Doc. 32).

## II. Analysis

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure**. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994);** ***United***

---

[1] In ***Ali***, an inmate brought suit under the FTCA claiming that the BOP officers lost his personal property during his transfer to another prison.

*States v. Deutsch,* **981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. ***See United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992)**. If the motion was served within 10 days of the rendition of the judgment, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). ***Id.* (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted)**.

As stated above, the Court's order dismissing McKinney's case was entered in this action on April 4, 2008, and the instant motion was filed on May 29, 2008. Therefore, the Court must look at the substance of McKinney's motion to determine whether it will be analyzed under Rule 59(e) or 60(b). A motion to reconsider based upon errors of law is encompassed by Rule 59(e); ***id.* at 493-93**;

whereas a motion to reconsider based upon mistake, inadvertence, surprise, or excusable neglect is encompassed by Rule 60(b). **FED.R.CIV.P. 60(b)(1)**. Here, McKinney raises solely errors in the application of the law to the facts in this case, which falls under Rule 59(e). ***See Obriecht*, 517 F.3d at 494, *citing Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits)**.

Nevertheless, McKinney does not prevail. Rule 59(e) allows a court to alter or amend a judgment only if the movant can demonstrate a manifest error of law or present newly discovered evidence. ***Obriecht*, 517 F.3d at 494, *citing Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)**. No manifest error of law or application to the facts of this case exists here and McKinney does not present newly discovered evidence. McKinney does not argue that *Ali* in any was factually distinguishable. Instead, he argues that it should not apply retroactively. The Court disagrees. In fact, the property lost in *Ali* occurred in December 2003 and the property lost in this case occurred in May 2004. Obviously, *Ali* applies to this case. Further, Courts are required to rule in accordance with the law as it exists at the time the Courts rendered their decisions. ***See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969).** The Court remains convinced of the correctness of its Order dismissing for lack of jurisdiction.

### III. Conclusion

Accordingly, the Court **DENIES** McKinney's motion to reconsider (Doc. 33).

**IT IS SO ORDERED.**

Signed this 24th day of June, 2008.

/s/      David R Herndon
**Chief Judge
United States District Court**